# GRAFTON,

## JULY TERM, A. D. 1858.

## WARREN *v.* GLYNN.

In general, where jurisdiction, or the power to act, exists, and the only objection to its exercise is one intended for the benefit and protection of the party complaining thereof, such objection must be taken at the earliest practicable opportunity, after the party, or his counsel, is aware of its existence, or it will be regarded as waived by the omission or neglect to urge it seasonably.

A party, cognizant, in the earlier stages thereof, of an objection that might be fatal to the validity of proceedings before a tribunal otherwise competent, cannot be permitted to lie by and take the chances of a favorable result, and, after an adverse one has been reached, be allowed to avail himself of that objection to avoid its consequences.

Where, in a prosecution by a town for bastardy, the magistrate before whom the complaint was made and the preliminary examination had, was a resident citizen and tax payer of the complainant town, and these facts were known to the respondent and his counsel at the time, but they designedly omitted to make any objection on that account until after various proceedings in courts of unquestioned authority having jurisdiction of the cause—*Held*, that the objection came too late, and must be considered to have been waived by the omission to urge it seasonably.

COMPLAINT for bastardy under the statute, made by the selectmen of Warren, after the mother had abandoned a prosecution instituted by her. The complaint was made and the examination had December 13, 1856, before Isaac Merrill, Esq., a justice of the peace for this county, duly commissioned and qualified. The magistrate ordered the

respondent to give bond for his appearance at the Court of Common Pleas, April term, 1857, which order was complied with. The action was duly entered in the Common Pleas, April term, 1857, when the respondent appeared by his counsel, and the case was continued till the October term, 1857. The mother of the bastard had no legal settlement in Warren, but was a foreigner and county pauper. At the October term, 1857, the respondent moved that the complaint be dismissed, for the reason that the town was not entitled to prosecute it, not being liable for the maintenance of the child. The court having granted this motion, and dismissed the complaint, the plaintiff filed exceptions, which, at the December term, 1857, were considered and sustained by the Supreme Judicial Court, and the judgment dismissing the complaint vacated. 36 N. H. 424.

At the April term, 1858, of the Court of Common Pleas, before the case was reached for trial, the respondent's counsel appearing specially for that purpose, moved that the complaint be dismissed, because the magistrate before whom it was made and the examination had, at the time of making said complaint and examination, was and still is a citizen of Warren, resident and a tax-payer therein, and therefore so interested in the result of this prosecution as to have no jurisdiction of it. It appearing to the court that this objection was known to and understood by the respondent and his counsel at the time of the complaint and examination, and that it had designedly not then or since been previously taken, for the reason that the respondent intended first to avail himself of the objection that the town was not entitled to maintain this action, and if that failed, then to avail himself of the objection now taken, as it was regarded as fatal in any stage of the proceedings, the motion to dismiss was denied. The respondent was thereupon defaulted, and having been found chargeable by the court and ordered to

give security to save the town harmless from the maintenance of the child, by paying the past, and providing for the future expenses of its maintenance, and costs of prosecution, and to stand committed until the order was complied with, the respondent filed a bill of exceptions to the judgment of the court, denying the motion to dismiss the complaint, which was allowed by the court.

*J. S. Bryant*, for the defendant.

*T. J. Smith*, for the complainant.

FOWLER, J. Conceding that the magistrate before whom the preliminary examination in this case took place, was legally disqualified to act in that examination, by reason of his interest in the event of the suit, as a resident citizen and tax-payer of the complainant town, we think it entirely clear, upon the authorities, that it is now too late for the defendant to avail himself of this objection to his competency. Being a magistrate in commission, the justice before whom the complaint was made had jurisdiction of its subject matter, by the express provisions of the statute authorizing the complaint in such cases to be made and the examination to be had before any justice of the peace. The disqualification or incompetency arose from the extrinsic facts of residence, citizenship, and liability to taxation in the complainant town, and the case finds that these facts were not only known, but understood and considered, both by the respondent and his counsel, at the time the complaint was made and the examination had, on the thirteenth day of December, 1856, and that they designedly omitted to take the objection, now insisted upon, at that time, and during the subsequent proceedings for a year and a half in the Common Pleas and this court.

It is a general rule to which, if it be not universal, the present case does not seem to us to form any exception,

Warren *v.* Glynn.

that where general jurisdiction, or the power to act exists, and the only objection to its exercise is one intended for the benefit and designed for the protection of the party complaining, such objection must be taken at the earliest practicable opportunity, after the party or his counsel become aware of the facts on which its validity depends, or it will be held to have been waived by the omission or neglect to urge it seasonably. The reason of the rule would seem to be, that it is justly to be regarded as the folly or misfortune of a party, if, knowing of a valid objection to a proceeding, he neglects to avail himself of it, but stands by and participates therein, unless he intends, as is the natural presumption, from his silence, to waive altogether any objection on that account.

Thus a party who has not been duly summoned, or notified of a suit against him, is always and every where understood to waive his exception, if he appears and suffers a general continuance, or pleads in bar of the action, or in any way submits his case to the judgment of the court, without at once making his objection at the earliest opportunity. *Smith* v. *Whittier*, 9 N. H. 464; *State* v. *Richmond*, 26 N. H. (6 Foster) 242, and authorities.

So, where a cause of challenge to a juror is known to a party at the trial, he must avail himself of it at the time; or he will be considered as having waived it. *Rollins* v. *Ames*, 2 N. H. 349, and authorities.

So, of an objection to a grand juror; *State* v. *Rand*, 33 N. H. 216; and to a witness on account of his interest in the question of costs. *Essex Bank* v. *Rix*, 10 N. H. 201.

The same is true of objections to the proceedings of magistrates to whom application is made to take the poor debtor's oath, fence-viewers, road commissioners, and various other officers. *Gear* v. *Smith*, 9 N. H. 63; *Gallup* v. *Mulvah*, 26 N. H. (6 Foster) 132; *Goodwin* v. *Milton*, 25 N. H. (5 Foster) 458, and authorities. *Bunker* v. *Nutter*, 9 N. H. 554.

So, also, in regard to the security prescribed by statute in an appeal from a justice of the peace. *Farnum* v. *Davis*, 32 N. H. 302.

Indeed, the authorities are too numerous for citation, where it has been held that a party, cognizant in the earlier stages thereof, of an objection that might be fatal to the validity of a proceeding before a tribunal otherwise competent, cannot be permitted to lie by and take his chances of a result in his favor, and, after one has been arrived at against him, avail himself of that objection to avoid the consequences of such adverse result.

We are not able to perceive any distinction in principle between the case now before us, and that of *Whitcher* v. *Whitcher*, 11 N. H. 348. There, an objection was taken upon the trial that a deposition offered by the plaintiff had been taken before and written by a magistrate who had previously acted as an attorney for the plaintiff in the same cause. It appeared that the defendant attended the caption of the deposition, and was then aware of the fact that the magistrate before whom it was being taken had previously acted as attorney for the plaintiff at a former caption. The court held that the objection, although originally fatal, came too late, and could not be taken advantage of, although the statute, by virtue of which the deposition had been taken, [act of December 31, 1828; laws of 1830, p. 505] expressly provided that no "attorney employed, nor other person interested in the cause, shall write the testimony of any witness" whose deposition might be taken under it. In delivering their opinion the court say: "A party who knows of an objection of this kind, which may be obviated by the opposing party, cannot be permitted to lie by, and present it at a time when it cannot be remedied. Had the objection been taken seasonably, the plaintiff might have declined to proceed with the deposition before this magistrate, and might have caused it to be taken before one who had always stood

indifferent in the case; no objection being made, he had reason to believe that the defendant was satisfied of the impartiality of the justice."

What was thus remarked by the court in *Whitcher* v. *Whitcher*, with regard to a deposition, applies with still greater force to the preliminary proceedings in a prosecution for bastardy, the manifest and only design of which is to secure, in a summary way, the personal attendance of the putative father, to abide the result of an adjudication upon the charge against him, before a tribunal authorized to determine his liability; and it would be quite singular if a party could be permitted designedly to lie by and await the result of the final adjudication against him, before availing himself of an objection designed for his protection, in the latter case and not in the former. Had the objection to the interest of the justice been taken at the time of the examination, the complainant town might and undoubtedly would, have obviated it by instituting proceedings anew before an indifferent magistrate. To attempt this now would, in all probability, be utterly ineffectual and useless.

As we are of opinion that the motion to dismiss the action, in the circumstances under which it was urged, was properly denied by the court below, the exceptions to the judgment denying the same must be overruled.

*Exceptions overruled.*